# Thomas M. McRoberts

*v.*

# Peter E. Conover.

1. REDEMPTION *from sale on foreclosure — by whom and within what time.* Where a party purchases real estate at a sheriff's sale under execution, upon which there is a mortgage executed by the judgment debtor prior to the judgment upon which the execution issued, and obtains a deed from the sheriff upon such sale, all he acquires by virtue of the sheriff's deed, is the equity of redemption of the judgment debtor, and this right he is bound to exercise within twelve months after a sale under a decree of foreclosure of the mortgage, to which he is made a party; and if he fails to do so, a judgment creditor of the mortgagor may rightfully redeem at any time after the expiration of twelve months and before fifteen months from the date of the sale under the decree of foreclosure, and subject the land to sale under execution upon his judgment.

2. SAME—*what constitutes.* An assignment of a certificate of purchase to one entitled to redeem is not a redemption from the sale, and he will not be permitted to use it as a certificate of redemption. If such party intends to redeem, he must do so absolutely, and have the evidence recorded in the proper office.

3. The purchaser of the equity of redemption of the mortgagor in a tract of land, conveyed the land to another by a deed containing the usual covenants of warranty, and afterwards, and within twelve months from the sale of the land under a decree of foreclosure of the mortgage upon it, paid to the holder of the certificate of purchase under the mortgage sale, who was the mortgagee, the amount of the mortgage debt, and took an assignment of the certificate of purchase to himself. After the expiration of twelve months, and before fifteen months from the date of the mortgage sale, a judgment creditor of the mortgagor caused an

execution to be issued on his judgment, and placed in the hands of the sheriff, and also placed a sufficient sum of money in the sheriff's hands to redeem the land from the sale under the decree of foreclosure. The sheriff then levied on the land, and issued the usual certificate of redemption from the mortgage sale, which was filed and recorded in the proper office: *Held*, that the assignment of the certificate of purchase to the grantor in the warranty deed did not operate as a redemption, and that the redemption by the judgment creditor was legal, and it was error to enjoin the sheriff from selling the land.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

Mr. O. L. DAVIS, and Mr. I. B. MANN, for the appellant.

Mr. E. S. TERRY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to set aside a redemption and enjoin the sheriff from making a sale of the premises on an execution issued on a judgment in favor of appellant and against John Mullaney, on the ground that it would cast a cloud upon the title of appellee. The circuit court decreed relief.

The principal facts are these: John Mullaney was the owner of the premises in controversy. Being indebted to the First National Bank of Danville, he executed and delivered to the bank a mortgage to secure his indebtedness. Subsequently, John Donlan obtained a judgment against Mullaney, and such proceedings were had that the mortgaged premises were sold on execution and purchased by Donlan. The judgment debtor having failed to redeem the lands, the same were conveyed by the sheriff, after the expiration of fifteen months, to Donlan and Chandler. On the 8th day of January, 1868, Chandler and Donlan, by quit-claim deed, conveyed the premises to William Hessey, and, on the 14th of March, 1868, Hessey, by deed containing the usual covenants of warranty, conveyed the same to appellee. In the meantime, the bank had instituted proceedings to foreclose the mortgage, to which Mullaney and wife and Donlan were

made parties. Under the decree rendered, the premises were sold on the 25th day of May, 1867, and purchased by the bank. On the 23d day of May, 1868, Hessey, having paid to the bank the full amount of the mortgage indebtedness, took an assignment of the certificate of purchase to himself. On the 6th of June, 1867, appellant obtained a judgment against Mullaney in the county court, and, on the 26th day of May, 1868, an *alias* execution was issued on the judgment, and placed in the hands of the sheriff. Appellant having paid into the hands of the sheriff the full amount necessary to redeem the mortgaged premises from the sale under the decree of foreclosure, the sheriff levied the execution on the same, issued the usual certificate of redemption from the master's sale, which was filed and recorded in the proper office, and was about to proceed to sell, to satisfy appellant's execution, when he was stopped by the injunction issued in this cause.

It is apparent that all the right and interest that Donlan and his grantees acquired in the mortgaged premises, under the sale on the execution issued on Donlan's judgment, was the equity of redemption of Mullaney, and this right they were compelled to exercise within twelve months after the sale under the decree of foreclosure, to which they had been made parties, or be forever barred.

It is not claimed that Donlan, or either of his grantees, although they had the clear right to do so, ever, in fact, redeemed the premises in the mode pointed out in the statute. Hessey having conveyed the land with covenants of warranty to appellee, it is insisted that he had the right, within twelve months from the date of the master's sale, to redeem, in order to protect his covenants, and having paid the bank the amount due, and taken to himself an assignment of the certificate before the expiration of that period, that it was, in equity, a redemption from the sale under the decree of foreclosure.

The case of *Lloyd* v. *Karnes*, 45 Ill. 62, affords a complete answer to this proposition.

At the date Hessey paid the money to the bank, and took the assignment of the certificate, he was not the owner of the equity of redemption. He had previously conveyed it to appellee. If it shall be conceded he had the right to make the redemption, to protect his covenants of warranty, he did not avail of his right, and redeem the mortgaged premises in the mode provided by the statute. Instead of paying the money to the officer who made the sale, as he ought to have done, and taking his certificate of redemption, and placing it on file in the proper office, he simply took an assignment of the certificate of purchase to himself—not to the party holding the equity of redemption. The legal effect of the assignment would be, in case the land was not redeemed according to law, by some judgment creditor of Mullaney, to entitle him to receive a master's deed for the same, which, no doubt, would have inured to the benefit of appellee. The assignment was not a redemption, within the meaning of the law. It was not recorded, and could afford no notice to parties interested as judgment creditors or otherwise.

It was held, in *Lloyd* v. *Karnes, supra,* it was not sufficient that a party, entitled to redeem, takes an assignment of the certificate of purchase. He will not be permitted to use it as a certificate of redemption. If such party intends to redeem, he must do so absolutely, and have the evidence recorded in the proper office.

The cases of *Campbell* v. *Carter,* 14 Ill. 286, and *Edgerton* v. *Young,* 43 Ill. 464, to which our attention has been called, are not in conflict with the views here expressed.

There having been no redemption of the mortgaged premises, appellant, as a judgment creditor of Mullaney, could rightfully redeem at any time after the expiration of twelve months and before fifteen months from the date of the master's sale.

The money was paid to the sheriff, and the levy made in apt time, and the redemption was therefore legal.

The decree of the circuit court setting aside the redemption and enjoining the sheriff from making the sale, was erroneous, and must be reversed, and the bill dismissed.

<em>Decree reversed.</em>