### WILLIAM C. MOORE

*v.*

### HORACE W. HOPKINS.

1. REDEMPTION—*effect of acquiring certificate of sale.* Where real estate is sold on execution, the taking of an assignment of the certificate of sale, although to a party entitled to redeem, is not a redemption of the property, under the statute.

2. SAME—*by judgment creditor.* Where a person entitled to redeem land from a sale under execution issued upon a judgment which was a prior lien to his title, procured an assignment of the certificate of sale, instead of redeeming within twelve months, it was *held*, that a junior judgment creditor of a former owner could, under the statute, redeem from the prior sale after the expiration of twelve and within fifteen months, although his judgment was no lien on the land.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Both parties claim the title to the property in controversy that was in Durfee Chase. On the 5th day of November, 1870, Durfee Chase being indebted to complainant, he, and his wife joining with him, executed and delivered to complainant a mortgage on the property to secure the indebtedness, and default having been made in the payment of the note by which the indebtedness was evidenced, afterwards, on the 13th day of March, 1873, under a power of sale contained in the mortgage, complainant sold the mortgaged property at public sale to Walter Henderson, he being the highest and best bidder therefor, and made him a deed. On the 14th day of March, 1873, at the request and by consent of Chase, the mortgagor, Henderson conveyed the property to complainant. Both deeds were placed on record in the proper office in the county where the property is situated.

Prior to the making of the mortgage to complainant, Geo. S. and Rinaldo Gallup had obtained a judgment in the circuit court against Durfee Chase, which was a lien on the premises at the time of making and recording the mortgage. Under an execution issued on that judgment the property described in the mortgage was levied upon, and on the 13th day of August, 1872, it was sold to George S. Gallup, one of the judgment creditors, and the usual certificate of sale was issued to him by the sheriff acting. On the 15th day of April, 1873, complainant purchased of Gallup his certificate, paying him therefor the full amount named therein, with interest at ten per cent per annum, and thereupon Gallup assigned, indorsed and delivered the same to complainant.

In the meantime, on the 18th day of October, 1871, John M. Stephens obtained a judgment against Durfee Chase, in the circuit court of the same county where the property is situated. Defendant became assignee of that judgment, and after twelve months, and before the expiration of fifteen months

from the sale under the execution issued on the judgment in favor of Gallup and against Chase, the premises not having been redeemed by any one from that sale, as appeared of record, he paid to the sheriff a sum sufficient to redeem the property from that sale, and caused an execution issued on the judgment in favor of Stephens against Chase to be levied upon it. It was afterwards sold to defendant, and the property not having been redeemed in due time, he received a sheriff's deed, which he caused to be recorded in the proper office. It also appears defendant afterwards obtained from Walter Henderson a quitclaim deed for the property, which was also recorded. Complainant charges that defendant obtained whatever title he has or claims to have to the property in litigation in fraud of his rights, with full notice of his equities in the premises, and seeks to have the sheriff's deed to defendant set aside and canceled as a cloud upon his title.

Mr. JOHN B. RICE, and Mr. CHARLES BLANCHARD, for the appellant:

The case at bar is essentially different from those involved in the prior decisions allowing a judgment creditor the right to redeem from a prior execution sale. In those cases the junior judgment became a lien before the judgment debtor had parted with his title. Here, there was first a judgment lien upon the land, second, a mortgage with power of sale, duly recorded, but which created a lien subsequent to the judgment, and third, a subsequent judgment against the debtor. After the recovery of this judgment a sale was made under the power, but before this the land was sold under the prior judgment. The mortgage lien was prior to the lien of the judgment and can not be subordinated by the judgment creditor.

It is claimed that the purchase of the Gallup certificate by Moore is unavailing as a redemption or otherwise, because no certificate thereof was recorded. Prior to February 12, 1853, payment of the money by the judgment debtor to the purchaser, or other named persons for the benefit of the purchaser, ren-

dered the sale and certificate null and void. No evidence thereof was required to be recorded. *Ralfe* v. *Lefler*, 23 Ill. 55. When Moore, as grantee of Case, took up the certificate of purchase, it was practically a redemption. The act of 1853, in this respect, has not repealed any portion of the act of 1845.

Mr. E. F. BULL, and Messrs. MAYO & WIDMER, for the appellee:

Prior to the act of February 12, 1853, a judgment debtor, or one claiming under him, could redeem from a sheriff's sale by paying the necessary amount within twelve months, to the sheriff or to the holder of the certificate of purchase. In such case no certificate of redemption was required to be given or recorded. But the second section of the act of 1853, (now sec. 19, ch. 77, Rev. Stat. 1874,) provides, that in *all* cases of redemption of land, an instrument in writing evidencing the redemption shall be recorded, etc. By taking an assignment of the certificate of purchase appellant did not comply with the statute. *Lloyd* v. *Karnes*, 45 Ill. 62; *McRoberts* v. *Conover*, 71 id. 524.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The contention is whether defendant, under the facts as they appear in the record, about which there is no controversy, could rightfully redeem the property from the execution sale to Gallup. That question is definitely settled by the former decisions of this court, against the position taken by complainant. When the redemption was made from the former execution sale by the junior judgment creditor, a period of twelve months, but not fifteen months, from this sale to Gallup had expired. No one claiming to own the property had redeemed the property in the mode provided in the statute. Had the title remained in the judgment debtor, Chase, it would, doubtless, be conceded his right to redeem had been barred by the lapse of time.

Complainant was assignee of Chase, having succeeded to the title that was in him, and, therefore, stood in the shoes of the judgment debtor, with the same right, but no others, to redeem the property from the execution sale on the judgment in favor of Gallup. His right to redeem, as well as that of his grantor, was barred after the lapse of twelve months from the date of the sale. It is apprehended it can make no possible difference whether complainant became the owner of the title that was in the judgment debtor before or after the execution sale. In either case his rights are precisely the same. Failing to redeem the property within twelve months from the date of the sale, he would be forever barred that privilege; and any judgment creditor of the former owner, by electing to do so within three months after the expiration of twelve months, could redeem the property from the former execution sale on the conditions and terms provided in the statute. That is precisely what defendant did in this case, and having acquired a title in that way no reason is perceived why it should not prevail.

The only thing suggested against it is, that prior to the expiration of twelve months from the sale of the property on the execution issued on the judgment in favor of Gallup against Chase, complainant had purchased the certificate of sale from Gallup and took an assignment of it to himself; and the argument is, that any payment of the Gallup claim, without reference to the mode of doing it, relieved the property from the lien which the judgment created upon it. The former decisions of this court present a full and complete answer to the position taken, and it is not necessary now to restate the reasons that led to the conclusions reached. *Lloyd* v. *Karnes,* 45 Ill. 62; *McRoberts* v. *Conover,* 71 id. 524.

It is definitely settled, in the cases cited, that taking an assignment of the certificate of sale, although to a party entitled to redeem, is not a redemption of the property, under the statute; and any one having a judgment against the debtor whose property was sold may redeem from such sale within

the period limited by the statute, on complying with its terms. The correctness of the decisions referred to is not questioned, but an effort is made to distinguish the case at bar on the ground complainant became assignee of the title that was in the judgment debtor before any sale of the property was made on the judgment that was a lien upon it. That, as we have seen, can make no difference. He is assignee of the judgment debtor, and has such rights in the premises as his grantor had, and no others.

Severe denunciation has been indulged upon the harshness of the results that may flow from the rule adopted, but when rightly understood no disastrous consequences follow its application. Complainant had twelve months in which to redeem from the sale under the execution issued on the judgment that was a prior lien upon the property bought of the judgment debtor; and had he availed of that privilege, the title he obtained, whatever it was, would have been free from the lien if the junior judgment. Omitting to exercise the right secured to him by law that would have fully protected his interests in the property, he has no cause to complain of consequences that may flow from his own neglect. For some reason, satisfactory to himself, and it is not necessary to the decision to inquire what it may have been, he chose to take an assignment of the certificate of sale to himself. That was no redemption of the property, and defendant could rightfully redeem the property under the statute; and having acquired a title in that way, it is superior to all others and must prevail.

The decree will be affirmed.

*Decree affirmed.*