# FREDERICK SHROEDER

## V.

# FREDERICK BAUER ET AL.

*Mortgages—Foreclosure—Redemption by Judgment Creditor.*

1. The purchase by the mortgagee under a second mortgage of a certificate of purchase of real estate sold under foreclosure proceedings is not a redemption from such sale. A person so purchasing simply steps into the place of the original purchaser, and succeeds to his rights as such, and to no different or greater rights.

2. Such purchaser can not set up such purchase and prevent a judgment creditor from redeeming in conformity with the terms of the statute.

3. The fact that such creditor was aware, at the time of the institution of proceedings to redeem, of such purchase, cuts no figure as to his right to proceed.

4. It is not necessary that a judgment should be a lien against the land to entitle the judgment creditor to redeem.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Perry County; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. JOHN BOYD, for appellant.

Messrs. HILL & MARTIN, for appellee Dudenbostel.

GREEN, P. J. Appellant filed his bill in the Circuit Court of Perry County on the 6th day of July, 1889, praying for the foreclosure of a second mortgage, and also praying that the sheriff be enjoined from selling the mortgaged premises to satisfy executions levied thereon, until the plaintiffs in the executions pay to complainant the amount secured by his second mortgage, and also the amount paid by complainant to G. R. Hinckle, for a certificate of sale issued to Hinckle, together with the accrued legal interest on said amount. "Defendant August Dudenbostel demurred to the bill for want of equity; the demurrer was sustained, the bill dismissed, and complainant appealed."

The facts alleged in the bill upon which is based complainant's claim to the relief prayed for, are substantially as follows: On February 15, 1876, Henry Eggers mortgaged the tract of land to Jenkins, to secure a note for $1,000 and interest, given by Eggers to the mortgagee, waiving homestead rights. This note and mortgage were afterward assigned to G. R. Hinckle. In 1878 Eggers conveyed the land to George Bauer. The above named mortgage then was wholly unsatisfied, and remained a lien on the land up to, and at the time, in 1884, when Bauer gave appellant the second mortgage sought to be foreclosed in this proceeding. At the October term, 1887, of the court below, G. R. Hinckle exhibited his bill to foreclose said first mortgage, in which proceeding the heirs and the administrator of George Bauer (then deceased) and Frederick Shroeder, appellant, were defendants. A decree for foreclosure and sale was entered as prayed for, under which decree said land was sold on June 23, 1888, to the complainant, Hinckle, to whom a certificate of purchase was duly issued. On April 29, 1889, appellant bought this certificate from Hinckle, who then assigned it to him. On November 15, 1886, Dudenbostel recovered a judgment against the estate of said George Bauer for $191.25, in the County Court of Perry County, and in the same court on that day J. E. Hainer & Co., for the use of Dudenbostel, recovered a judgment against said estate for $240.45. On June 24, 1889, appellee Dudenbostel procured special executions, to be issued upon said judgments as provided by statute, and placed the same in the hands of the sheriff of said county, together with the money necessary to redeem from the sale made under said decree for foreclosure. On the same day the sheriff levied said special executions upon said land, and was about to sell the same to satisfy the special executions when this bill was filed. It is also alleged the land was the homestead of George Bauer, and that said appellee had notice at the time said special executions were issued and levied that appellant was the legal assignee and owner of the certificate issued to Hinckle. Under this state of fact it is insisted on behalf of appellant that he, by purchasing of Hinckle the certificate, and paying for it the full

amount that would have been required to redeem from the foreclosure sale, thereby in equity effected a redemption from the sale, the same as if the money had been paid by appellant to the proper officer for such purpose, as required by the statute. Hence the sale became of no force, and there was nothing left that said appellee could redeem from. We do not so understand the law.

Appellee, as a judgment creditor of the estate of George Bauer, had the right to redeem from the foreclosure sale after the expiration of twelve months, and before the expiration of fifteen months after the sale. The purchase of the certificate by appellant, the mortgagee in the second mortgage, was not a redemption from the sale. By such purchase he stepped into the shoes of the purchaser and succeeded to his rights as such, and to no different or greater rights. If appellant desired to redeem, the statute prescribes the mode by which a redemption of the land from the sale could have been effected by him; but he failed and neglected to take the necessary steps to redeem, and he can not set up the purchase and assignment to him of said certificate as a redemption, and deprive appellee of the benefit and advantage he has secured by his diligence in complying with the statutory provisions, and redeeming the land from said sale in the manner required by the law, and at the earliest period possible, on the next day after twelve months from the day of sale had elapsed. The cases of Lamb v. Richards, 43 Ill. 312, and Lloyd v. Karnes, 45 Ill. 62, support the views above expressed. The fact that Dudenbostel had notice that appellant purchased the certificate from Hinckle does not affect the question. Dudenbostel had valid judgments and executions that could only be collected by subjecting the mortgaged land to the payment thereof. The estate of George Bauer, against which the judgments were rendered, was insolvent. Appellee could protect his rights as judgment creditor, and secure the payment of his valid judgments by redeeming the land from the sale in foreclosure. He had notice that appellant owned the certificate of purchase, and unless redemption from said sale was effected before the expiration of the period of fifteen months from the day of

sale, appellant as the owner of said certificate could take out a deed and acquire the absolute title to the land.    The knowledge of appellant's rights did not preclude appellee as a judgment creditor from availing himself of his right of redemption, but was an incentive to the prompt and diligent enforcement of such right to prevent the loss of his valid claims. Had he not used diligence he would have sustained such loss, and because of his own negligence.    The maxim, " The law aids the diligent, not he who slumbers on his rights," is peculiarly applicable in this case.    It is also insisted that the land, being the homestead of George Bauer and family, appellee's judgments were not a lien, and therefore he had no right to redeem from the mortgage sale.    It is not necessary that a judgment should be a lien against the land to entitle the judgment creditor to redeem.    Sec. 20, Chap. 77, Cothran's R. S. Furthermore, the sale was made to foreclose a mortgage in which the right of homestead was waived.    The land was sold, and the purchaser bought it, unincumbered with an estate of homestead.    Upon redemption from that sale Dudenbostel succeeded to this right of the purchaser.    Massey v. Westcott, 40 Ill. 160; Lamb v. Richards, *supra*.

The demurrer was properly sustained and the decree is affirmed.                                    *Decree affirmed.*