### FREDERICK SHROEDER

*v.*

### FRIEDERICA BAUER *et al.*

*Filed at Mt. Vernon January 18, 1892.*

1. REDEMPTION BY JUDGMENT CREDITOR—*priority over junior mortgagee, assignee of certificate of purchase under foreclosure of senior mortgage.* A junior mortgagee who has been made a party defendant to the bill to foreclose the senior mortgage, and who, within twelve months after the sale under the senior mortgage, purchases and obtains an assignment of the certificate of the sale, can not assert the lien of

his junior mortgage as against an execution creditor who, after the expiration of twelve months and within fifteen months of the sale, levies his execution and makes redemption as provided by the statute. The fact that the former owner may have sold his equity of redemption will not change the rule.

2. SAME—*effect of assignment of certificate of purchase under mortgage foreclosure.* Where the holder of a second mortgage on land, after decree of foreclosure of a prior mortgage in a suit to which he was a party, instead of redeeming from the sale takes from the purchaser an assignment of the certificate of purchase, and by his pleadings claims as purchaser, the court can not treat his purchase as a redemption from the sale as against one seeking to redeem from such sale as a judgment creditor.

3. In this case, A gave his mortgage to B to secure a debt, who assigned the note secured to C. Afterward A conveyed the land to D, who gave his mortgage thereon to E. C foreclosed his mortgage, making E a party defendant, and became the purchaser at the sale. Within the twelve months, E, instead of redeeming from the sale, took an assignment of the certificate of purchase from C. F obtained a judgment in the county court against the estate of D, and took out an execution thereon, and levied the same on the land, and redeemed from the sale, as judgment creditor of D. E filed his bill to enjoin the sale under the execution, on the ground it would make a cloud on his title : *Held,* that a demurrer was properly sustained to the bill.

4. SAME—*acquiring assignment of certificate of purchase distinguished.* There is a material difference between purchasing and acquiring an assignment of a certificate of sale, and a redemption from such sale. By the former the sale and the title thereby acquired are preserved and kept in force, while by the latter the sale is vacated and the title of the purchaser extinguished. Therefore, when one entitled to redeem from a sale purchases the certificate of sale and relies on the same by his bill, he can not be permitted, both against the fact and the allegations of his own bill, to claim the benefit of the transaction as that of a redemption.

5. SAME—*may redeem under what judgment.* It has been held in a number of cases, that it is not necessary that the judgment should be a lien on the land to entitle the judgment creditor to redeem, and also that a judgment obtained at any time before the complete expiration of the fifteen months will give a right to redeem.

6. HOMESTEAD—*sold under foreclosure—rights of redeeming judgment creditor.* A judgment creditor, by redeeming from a foreclosure sale of land under a mortgage which releases the homestead, will succeed to all the rights of the purchaser at the foreclosure sale, and he will take the premises discharged of the homestead right.

7. Where a person acquires land for a homestead which is subject to a valid mortgage of his grantor, who had no homestead therein, or which he had released in the mortgage, and the land is sold under a decree foreclosing such mortgage, and the grantee of the mortgagor fails to redeem from such sale, he will thereby lose his homestead right, which will pass to the purchaser, or one redeeming from him, as a judgment creditor.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Perry county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. JOHN BOYD, for the appellant:

Dudenbostel stood in no better light than one holding a void judgment without homestead right removed. *Brown* v. *Parker,* 15 Ill. 307.

Appellant had the right to release the lands from other intervening liens, so as to protect his own. 1 Jones on Mortgages, 462; *Reichert* v. *McClure*, 23 Ill. 516; *Williams* v. *Tatnall*, 29 id. 553; *Thomas* v. *Vanlien*, 28 Cal. 616.

Appellee having notice of the assignment of the certificate of purchase to appellant, became subject thereto. 1 Jones on Mortgages, 582; *Schultze* v. *Houfes*, 96 Ill. 335.

The right of a judgment creditor is a *jus in re*, not a *jus ad rem*. 2 Story's Eq. (7th ed.) sec. 1025.

There must be a lien, or no right to redeem. The judgment must be free from legal impediments. 2 Jones on Mortgages, 1069; *Spurgeon* v. *Adamson*, 26 Iowa, 661.

Messrs. HILL & MARTIN, for the appellees:

When the second mortgagee fails to redeem within a year of a sale under the prior mortgage, any judgment creditor may redeem.

This court, in *Lloyd* v. *Karnes*, 45 Ill. 62, say: "When the holder of a second mortgage takes an assignment of the certificate of purchase issued upon a sale by the master under a decree of foreclosure of a prior mortgage, the mere assignment

to him of the certificate of purchase does not effect a redemption of the premises from such former sale. In order to effect a redemption and annul such sale he should have redeemed in the manner pointed out by the statute, and have recorded his certificate of redemption, and not having done so, he can not, upon a bill filed by him to foreclose his second mortgage, set up such assignment as a redemption, and defeat the superior right acquired by a junior judgment creditor of the mortgagor who has redeemed in the manner prescribed by statute, and become the purchaser at the sale under his execution."

The case of *Lamb* v. *Richards*, 43 Ill. 312, is almost a parallel with the one at bar, so far as the facts therein stated are shown, and it is there held, in express terms, that unless the second mortgagee redeems within a year from the sale, and a judgment creditor redeems in the mode pointed out by statute thereafter, such redemption cuts off the second mortgagee's rights in the premises effectually and entirely.

Again, counsel says that this being the homestead of George Bauer and family, no lien attached by reason of Dudenbostel's judgments, and therefore there could be no redemption by him. This idea we can not accede to. The law is, as we understand it, that upon redemption by a judgment creditor he steps into the shoes of the party for whose benefit the redemption was made,—that he succeeds to the rights of the holder of the certificate of purchase. And the first mortgagor having waived the homestead, the same was sold by the master and represented by the holder of the certificate of purchase. Upon redemption the appellee Dudenbostel succeeds to this right. *Massey* v. *Westcott*, 40 Ill. 160 ; *Lamb* v. *Richards*, 43 id. 312.

But when Dudenbostel redeemed, being more than one year after the sale, no homestead existed in favor of any one. No one then claiming a homestead, or other interest, could redeem, save a judgment creditor. Their right was effectually

barred by the foreclosure, and failure to redeem within the time allowed by law.

A judgment need not be a lien against the land to entitle a creditor to redeem. *Karnes* v. *Lloyd*, 52 Ill. 113 ; *Sweezy* v. *Chandler*, 11 id. 445.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by Frederick Shroeder against Friederica Bauer, August Dudenbostel and others, to restrain the sale of certain lands on execution, and to foreclose a mortgage thereon in favor of the complainant. The facts, as they appear from the allegations of the bill, are these:

On the 15th day of February, 1876, Henry Eggers, being indebted to Francis M. Jenkins in the sum of $1000, executed to Jenkins his two promissory notes, one for $200, which has since been paid, and the other for $800, due two years after date, and bearing interest at the rate of eight per cent per annum. At the same time, to secure said notes, said Eggers executed to Jenkins a mortgage on eighty acres of land in Perry county, said mortgage containing a waiver of homestead, and being duly acknowledged and recorded. The $800 note and mortgage were afterward, for a valuable consideration, assigned to G. R. Hincke.

On the 30th day of July, 1878, Eggers executed a deed conveying said land to George Bauer, and on the 1st day of August, 1884, Bauer and wife executed a mortgage thereon to Shroeder, the complainant, to secure Bauer's promissory note to him for $287, due twelve months after date, and bearing eight per cent interest.

Hincke afterward filed his bill in the Circuit Court of Perry county for the foreclosure of the mortgage assigned to him, making Shroeder and various other persons parties defendant, and at the October term, 1887, of said court, he obtained a decree, under which said land was sold, June 23, 1888, by the

master in chancery, Hincke becoming the purchaser and receiving a certificate of sale therefor. On the 29th day of April, 1889, which was within twelve months of said sale, Shroeder purchased of Hincke said certificate of sale, paying him therefor the amount of his bid and interest, and on the back of said certificate, a copy of which is appended to the bill as an exhibit, there appears a formal assignment of the certificate from Hincke to Shroeder, bearing date April 29, 1889.

George Bauer died intestate, leaving him surviving said Friederica Bauer, his widow, and Elizabeth Bauer and several others, his children and heirs at law. On the 16th day of August, 1886, said Dudenbostel exhibited in the County Court of Perry county a claim against the estate of George Bauer, deceased, for $191, and had the same probated and allowed against said estate. On the same day J. E. Hainer & Co., for the use of said Dudenbostel, also exhibited in said County Court a claim against said estate for $240.45, which claim was in like manner probated and allowed, and on the 24th day of June, 1889, Dudenbostel caused special executions to be issued on the claims so allowed to the sheriff of Perry county, requiring said sheriff to make the amount of said claims out of said land, and on the same day said sheriff levied said executions on said land, said Dudenbostel having placed in his hands the requisite amount of money to redeem said land from said foreclosure sale.

The bill alleges that said sheriff was about to sell said land under said executions; that said land was meager security for Shroeder's mortgage and the amount paid by him for said certificate of sale, and that the estate of George Bauer, deceased, was entirely insolvent, and that if the sheriff be permitted to sell said premises under said special executions, such sale will create a cloud upon Shroeder's title to said premises.

By an amendment to the bill it is alleged that George Bauer purchased said land to be used and occupied by him as a homestead, he being the head of a family and residing with

the same, and that immediately after said purchase, he took possession of said premises and occupied the same with his family during the remainder of his lifetime, and that his family still occupy the same as their homestead.

The bill makes the widow and heirs of George Bauer, deceased, Dudenbostel and the sheriff parties defendant, and prays for a receiver, for a foreclosure of Shroeder's mortgage, and that Shroeder be subrogated to the rights of Hincke under said certificate of sale, and that Dudenbostel and the sheriff be enjoined from interfering with the complainant's rights or making sale of said premises under said executions, until they pay the amount of Shroeder's claim and lien thereon, and a general prayer for relief.

Dudenbostel demurred to said bill for want of equity, which demurrer was sustained by the court, and the complainant electing to abide by his bill, a decree was entered dismissing said bill at his costs. Said decree was affirmed by the Appellate Court on appeal, and the present appeal is from said judgment of affirmance.

There is no pretense in the bill that the transaction between the complainant and Hincke by which the complainant paid to Hincke the amount bid at the master's sale and interest and obtained from Hincke the certificate of sale, was intended to be or was in fact a redemption by the complainant from the master's sale. On the contrary, the bill makes and repeats the allegation that the transaction was a *purchase* by the complainant of said certificate, and it makes an exhibit of the certificate which bears upon it a formal assignment of the certificate to the complainant.

Nor can the view now suggested by the complainant's counsel be sustained, viz., that the transaction, though in form a purchase of the certificate, should be held to operate in law as a redemption. Not only does this view find no support in, but it is directly in conflict with, the allegations of the bill. Purchasing and obtaining an assignment of a certificate of sale is

a transaction wholly different in its nature and legal consequences from a redemption. By the former, the sale and the title thereby acquired are preserved and kept in force, while by the latter the sale is vacated and the title of the purchaser extinguished. The complainant having seen fit to purchase and take an assignment of the certificate, and having by his bill set up and relied upon such purchase and assignment, he can not now be permitted, both against the fact and against the allegations of his own bill, to claim the benefit of a transaction of an essentially different nature.

The question then is, whether a junior mortgagee, who had been made a party defendant to the foreclosure of the senior mortgage, and who, within twelve months of the sale, instead of redeeming, as he might have done, has purchased and obtained an assignment of the certificate of sale, can assert the lien of his junior mortgage, as against an execution creditor, who, after the expiration of twelve months and within fifteen months of the sale, levies his execution and makes redemption as provided by the statute.

This identical question, in all its essential features, was before this court and received an elaborate and careful consideration in *Lloyd* v. *Karnes,* 45 Ill. 62. In that case, certain premises were incumbered by a senior and a junior mortgage, and the senior mortgagee having foreclosed his mortgage making the junior mortgagee a party defendant, the mortgaged premises were sold by the master, the assignee of the decree becoming the purchaser. Afterward, and within twelve months of the sale, the certificate of sale was assigned to the holder of the junior mortgage. On bill to foreclose the junior mortgage, it appeared that Lloyd, a judgment creditor of the mortgagor, whose judgments had been obtained by confession after the expiration of twelve months of the sale, sued out executions thereon and caused the same to be levied on the mortgaged premises, at the same time paying to the sheriff the sum of money necessary to redeem from the mortgage sale. Said

premises were thereupon sold on said executions, Lloyd becoming the purchaser, and afterwards receiving a sheriff's deed. A decree having been entered foreclosing the junior mortgage and ordering a sale of the mortgaged premises for the satisfaction thereof, this court reversed said decree, holding that the assignment of the certificate of sale to the holder of the junior mortgage did not effect a redemption of the premises, and that, as the junior mortgagee had failed to redeem in the manner pointed out by the statute, he could not set up rights superior to those of Lloyd who redeemed as judgment creditor. In the opinion it was said:

"But the appellee contends, that, taking an assignment of this certificate of sale, he had in effect redeemed the land, and it was then subject to his mortgage, which could not be defeated by a judgment creditor. He is the second mortgagee, and he purchased the elder certificate of purchase, and would have been entitled to a deed under the statute at the end of fifteen months if no judgment creditor had redeemed, and would have thus cut off all subsequent incumbrances. This he had the unquestioned right to do; but, having failed to acquire title in that way, in consequence of the redemption by the appellant, a judgment creditor, he can not now claim that he merely redeemed as the mortgagee of Davenport, and in this way annulled the sale. To do this, appellee should have redeemed in the manner pointed out in the statute and recorded the certificate of redemption. In this way he could have protected his second mortgage, and on filing his bill in chancery, could have obtained a decree subjecting the premises to sale for the payment both of the amount advanced in redeeming from the elder lien, and for the amount due on his own mortgage."

The language here quoted is precisely applicable to the facts of the present case, and the rule thus laid down must control. True, the facts in this case differ in one respect from those in the case cited. There the mortgagor had not conveyed away

his equity of redemption at the time of the recovery of the judgments under which the redemption was made, while here, Eggers, after the execution of the senior mortgage, conveyed the mortgaged premises to George Bauer, who executed the junior mortgage to the complainant, and the redemption was under judgments against the estate of said Bauer. But this difference is wholly immaterial. In *McLagan* v. *Brown*, 11 Ill. 519, it was held that, if a judgment debtor disposes of his equity of redemption before a second judgment becomes a lien upon the premises, and the purchaser of the equity of redemption fails to redeem, the judgment creditor under the second judgment may redeem, after the twelve months and before the expiration of fifteen months from the day of sale. In *Lamb* v. *Richards*, 43 Ill. 312, the facts were very similar to those in the present case, the junior mortgage having been executed by the grantee of the senior mortgagor, and the redemption from the sale under the senior mortgage having been made under a judgment against the junior mortgagor. This redemption was sustained, the court holding it to be a reasonable construction of the statute, that, "as either the mortgagor or his grantee can, by the express terms of the statute, redeem within the twelve months, so, when their rights are gone, a judgment creditor of either may redeem. But if it is necessary to confine the right to one of them, it obviously belongs rather to the judgment creditor of the grantee, by virtue of his lien, than to the judgment creditor of the grantor."

It has been held in a number of cases, however, that it is not necessary that the judgment should be a lien on the land to entitle the judgment creditor to redeem. *Sweezey* v. *Chandler*, 11 Ill. 445; *Karnes* v. *Lloyd*, 52 id. 113. Also that a judgment obtained at any time before the complete expiration of the fifteen months will give a right to redeem. *Phillips* v. *Demoss*, 14 Ill. 410.

The remaining question in the case grows out of the averments of the bill in relation to the homestead in the mortgaged

premises acquired by George Bauer and which, as it is claimed, still subsists in favor of his widow and minor children. As Shroeder, the mortgagee under the junior mortgage, is the only person seeking to resist the sale of the mortgaged premises under the executions in favor of Dudenbostel, it is difficult to see how the question of the right of the widow and minor children of Bauer to an estate of homestead is material. But conceding Shroeder's right to urge it, we are of the opinion that the estate of homestead, as well as every other interest in said land formerly vested in Bauer, has been foreclosed and extinguished by the failure on his part, or, after his death, on the part of his legal representatives, to redeem from the foreclosure sale. The mortgage under which the foreclosure sale was had was executed by Eggers before Bauer had any interest in the land. It is not pretended that Eggers had any estate of homestead, and if he had, the mortgage contained a waiver of it in the statutory form. In any event Bauer's homestead was subject to the Eggers mortgage, and the failure of Bauer, or of his legal representatives, to redeem, was as effectual a foreclosure of that as of any other rights vested in him. Dudenbostel, by redeeming under his judgments, became subrogated to the rights of the purchaser at the foreclosure sale, and those rights were manifestly superior to any estate of homestead Bauer could have acquired by establishing the residence of himself and family on said premises after his purchase from Eggers. See *Herdman* v. *Cooper*, 138 Ill. 583; *Smith* v. *Mace*, 137 id. 68.

We are of the opinion that the demurrer to the bill was properly sustained, and the judgment of the Appellate Court affirming the decree of the Circuit Court will be affirmed.

*Judgment affirmed.*