## Marcus H. Topping *et al.*

*v.*

## Benjamin Brown.

1. Mechanic's lien—*its effect on prior liens.* Proceedings, decree and sale to enforce a mechanic's lien, will divest the lien of a prior mortgage for purchase money, the mortgagee having been made a party to the suit, even though the decree makes no reference whatever to the prior mortgage, and is silent as to the proceeds of the sale.

2. Jurisdiction. The court having jurisdiction of the subject matter, the purchasers under the sale can not be affected by the error of the court below in failing to provide in its decree for the setting aside a specific portion of the proceeds of the sale towards the payment of the mortgage debt.

3. Prior mortgagee—*his remedy.* The sale under such decree passes a good title to the land as against the mortgagee, divesting the land of his mortgage lien, and remitting him to the fund resulting from the sale.

Appeal from the Circuit Court of Madison county; the Hon. Joseph Gillespie, Judge, presiding.

On January 6th, 1866, George W. Patterson and wife executed their mortgage upon certain lands to Benjamin Brown to secure the note of Patterson given for purchase money. Subsequently James Patterson filed his petition in the circuit court to enforce his mechanic's lien upon the lands for improvements made. The prior mortgage lien of Brown is set out in his petition, and Brown made a party, but did not appear on the trial. Decree of sale was made, on special execution, in default of payment for the space of one year. Sale was made to Marcus H. Topping, John S. Topping and Gaius Paddock, and sheriff's deed given. The purchasers entered into possession.

At the April term, 1871, Brown filed his bill for foreclosure, making the purchasers under the mechanic's lien parties defendant, as persons having or claiming interest, etc. Those

defendants filed answer, setting up title under their sheriff's deed.. The final decree recognizes the priority of the original mortgage lien, but orders that the value of the land, irrespective of the improvements involved in the mechanic's lien, be ascertained by a master, and the avails of its sale over that valuation be paid to Toppings and Paddock. The decree then formally divests Toppings and Paddock of their title under the sheriff's deed. Those parties appeal to the supreme court to set aside the decree and sustain their title under the sheriff's deed.

Mr. DAVID GILLESPIE, for the appellants.

Messrs. S. A. & A. C. PHELPS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery for the foreclosure of a mortgage executed by George W. Patterson, one of the .defendants, to Brown, the appellee, on the 31st of January, 1866, on several tracts of land, amounting in all to 310 acres, to secure the payment of a promissory note of the same date, from Patterson to Brown, for the sum of $4160, payable four years after date. The appellants were made parties, the bill alleging that they had or claimed some interest in the mortgaged premises, which interest, if any, accrued subsequent to the lien of the mortgage and was subject thereto.

The appellants, Marcus H. and John S. Topping and Gaius Paddock, set up in the court below in bar of the suit, in respect to 120 acres of the land, the proceedings in a certain suit brought to the April term, 1868, of the Bond circuit court, in favor of James Patterson against said George W. Patterson, to enforce a mechanic's lien in favor of the former against the latter, upon the said tract of land, for materials furnished by said James to said George W., the owner of the land, for the repair of a building upon it, under a contract

between them, made July 19, 1866, to which suit Brown was made a party defendant as a mortgage incumbrancer under the mortgage now in suit, which lien suit resulted in a decree, on the 1st of October, 1868, in favor of the said James against the said George W. for the sum of $830, and for a sale of the land to satisfy the same, and that upon an execution sale under such decree the appellants purchased the said 120 acres of land for the sum of $950, and duly obtained a sheriff's deed therefor. The decree was by default as against Brown.

The only objections which appellee's counsel make against the validity of this sale are, that by the terms of the decree the appellee's rights as mortgagee were not barred, and that if they were, the decree and sale would be void for want of jurisdiction in the court of the subject matter, for the reason that the petition in the lien suit alleged nothing adverse to the mortgage and contained no allegation which could have authorized such a decree.

The only allegation in the petition in respect to the mortgage is, " that one Benjamin Brown has a mortgage on the tract of land herein above described (together with other lands), for the sum of $4160 ;" but the petition makes Brown a party defendant, and. prays that the land may be sold for the payment of the petitioner's debt.

The decree merely finds the existence and amount of the lien, and directs that if the sum be not paid within the time prescribed, a sale be had to satisfy the lien, and that a special execution issue against the land, and that upon a sale the sheriff execute to the purchaser a good and sufficient deed, conveying the interest of the defendants in the suit in and to the land, and that he put the purchaser in possession of it. The decree makes no reference whatever to the mortgage or the mortgagee's rights, and is entirely silent as to the disposition of the proceeds of the sale, or as to the bringing of them into court.

The lien act provides that the lien creditor, upon bill or petition to the court, may obtain an order for the sale of the

land, and for applying the proceeds of the sale to the discharge of his demand. It contemplates that all persons having an interest in the land may be brought before the court, and makes provision for that purpose. It provides that, in case of several claimants, the issue may be tried separately, and that trial shall be had upon issues between such parties as are prepared, without reference to issues between other parties, and that when one creditor shall have obtained a verdict or judgment for the amount due, the court may order a sale of the premises on which the lien operates, so as to satisfy the judgment: *Provided,* that the court may, for good causes shown, delay making any order of sale until the rights of all parties in interest shall be ascertained and settled by the court.

In relation to incumbrances, it provides that, upon questions arising between previous incumbrancers and the lien claimant, the previous incumbrance shall be preferred to the extent of the value of the land at the time of making the contract out of which the lien arises, and that the court shall ascertain, by jury or otherwise, as the case may require, what portion of the proceeds of any sale shall be paid to the several parties in interest.

The validity of this mortgage was in nowise contested in the lien proceeding as to its amount or justice, nor did the court adjudicate upon it. There was doubtless error in that proceeding in not providing for the application of any portion of the proceeds of the sale towards payment of the mortgage debt. But this was merely error in the exercise of jurisdiction, against which relief should have been sought by appeal or writ of error. These purchasers under the execution sale are not to be affected by it. Their only concern is to see that the court had jurisdiction to make the order of sale.

The petition presented a case where the court was properly called upon to act and proceed to hear and determine as to the existence and amount of the lien, and whether a sale of the land should be had in order to satisfy the same. There

can be no question that the court had jurisdiction of the subject matter. See *Thomson* v. *Morris,* 57 Ill. 333. Although the petition admitted the mortgage debt, and the decree adjudged nothing against its validity, it does not follow that the order of sale is not binding upon Brown, the mortgagee. He had an incumbrance upon the land to the. extent of its value at the time the contract for materials was made, and the lien claim ant had a lien upon the materials. he furnished for the building upon the land. In order that the latter might realize the benefit of his lien, there was a necessity for converting the land into money that he might receive therefrom the value of the materials furnished. A case arose which rendered it necessary that. the powers of the court should be exerted with reference to a specific thing, and the decree of the court as to its status, the change of it from land into money, must be conclusive upon the thing, as against a party defendant, and can not be contradicted by him in any subsequent controversy.

We must hold, then, that the sale under this decree passed a good title to the land as against Brown, the mortgagee; that it divested the land of his mortgage lien, and that he was remitted to the fund resulting from the sale.

There was error in the case before us in decreeing a sale of the tract of land of 120 acres; the bill should have been dismissed as to that tract. So much of the decree as respects that tract of land is reversed, and the cause remanded for futher proceedings consistent with this opinion.

*Decree reversed in part.*


Mr. Justice Breese and Mr. Justice Thornton, dissenting: We think that the decree in this case should be affirmed.

The opinion is based upon the assumption that the record of the proceedings in, the suit to declare the mechanic's lien were before and considered by the court below.

We can make no such inference from the record. The proceedings in the mechanic's lien suit are not properly before us and we can not consider them.

Syllabus.

Mr. Justice McALLISTER, dissenting:   I do not concur in the opinion of the majority of the court for the reason stated in the dissenting opinion of Mr. Justice Breese and Mr. Justice Thornton.