## Boynton v. Pierce et al.

1. *Redemption for Judicial Sales—Purchase of Master's Certificate.*— Where an owner of an equity of redemption purchased, and took an assignment of the certificate of purchase, under the master's sale, it did not appear whether the purchase was before or after the expiration of

the twelve months from the date of the sale, allowed him for redemption. *It was held* that the burden of proof was upon him to show that such purchase was within the twelve months, and not having done so, the court would assume that it was after, and, that being so, his title and right to redemption was entirely gone.

2.  *Redemption—Effect on the Assignment of the Certificate of Sale, to the Owner of Equity.*—Where the owner of an equity of redemption purchased and took an assignment of the certificate of sale, issued by the master in chancery, after the expiration of the statutory period allowed him for redemption, *it was held* that such purchase and assignment did not inure to him as a redemption from the sale, and discharge of the debt, or affect the right of redemption under it by judgment creditors.

3.  *Judicial Sales—Payment to Purchaser When a Redemption.*—A payment by the owner of the equity to the purchaser, of the amount of his bid and interest, and taking the assignment of the certificate of purchase, is not a redemption as required by statute, and will not prevent a judgment creditor from redeeming under the statute.

4.  *Mechanics' Lien—Effect of the Sale Under a Decree of Foreclosure.*—Proceedings in foreclosure under the mechanics' lien law, do not bar the right of judgment creditors to redeem the premises from the master's sale in such proceedings. Such creditors may redeem after the expiration of the twelve months allowed by the owner of the equity, and will not remit them to the fund resulting from a sale of real estate under the foreclosure of the lien.

5.  *Redemption—Junior Creditors.*—A junior creditor may redeem from a sale under the senior judgment, and cut off intervening liens.

6.  *Redemption—The Right Favored in Law.*—The right of redemption by the judgment creditor after the statute time given to the judgment debtor expires, is encouraged by law; it is a boon to the debtor, and pays his debts which otherwise would remain unpaid, and is proper law.

**Memorandum.**—Bill to remove cloud from title of real property. Appeal from decree entered by the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, A. D. 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

HOPKINS, ALDRICH & THATCHER, attorneys for appellant.

APPELLEES' BRIEF, CHAS. WHEATON AND D. J. CARNES, ATTORNEYS.

There is only one way which will prevent a judgment creditor, who holds an intervening lien, from enforcing his

lien, and that is by a redemption in the manner pointed out by the statute. McRoberts v. Conover, 71 Ill. 524; Lloyd v. Karnes, 45 Ill. 62; Schroeder v. Bauer (Ill.), 29 N. E. Rep. 560.

A junior judgment creditor may redeem from a sale on a senior judgment and cut off intervening liens. Sweezy v. Chandler, 11 Ill. 445.

Where a person pays an incumbrance he is under a duty to pay, or for which he is primarily liable, he extinguishes it. Shields v. Moore, 84 Ind. 440; Kreider v. Isenbice, 123 Ind. 10; 23 N. E. Rep. 786; Shirk v. Whitten (Ind.), 31 N. E. Rep. 87.

Opinion of the Court, Lacey, J.

This was a bill in equity filed by the appellant, claiming to be the owner of the northwest fractional quarter, and the northeast quarter of section nineteen, town thirty-nine, north, range five east of the third principal meridian, and seeking by his bill to set aside an attempted redemption by the appellees from under a sale to enforce a mechanics' lien by one Wilcox, and to set aside a levy made by the sheriff on the land in question of an execution in appellees' favor, against Wilcox, a former owner of the land, issued from the Circuit Court, and also to set aside a certificate of redemption made by the sheriff in the same case, as a cloud on the title of the appellant's land, also asking for an injunction prohibiting the sheriff from selling under the execution, and a prayer for general relief. Reuben J. Holcomb, one of the appellees, was the sheriff in the case. By the original and amended bills, it appears that one W. C. Wilcox was the original owner of the land in question, and that he had mortgaged the same by a first mortgage to John Waterman, a second mortgage to John Sturtevant, a third mortgage he executed to one James S. Waterman, and a fourth mortgage was executed to the appellant to secure something over four thousand dollars, dated December 1, 1869. As a fifth lien, appellees Pierce and Dean recovered a judgment in the Circuit Court against Wilcox for the sum of $792.82, which is the judgment and execution following, under which

the redemption in question was attempted. Prior to that, in the latter part of May, 1874, William Loomis obtained a decree in the Circuit Court as the surviving partner of Samuel Loomis, against Wilcox, the appellees and the appellant herein; and others in a mechanics' lien proceeding. In the said last named proceeding all were defaulted, except the appellant, who answered, and the court found that the petitioner's claim in the mechanics' lien suit was for material used in erecting a dwelling house on the premises then owned by Wilcox, that the amount due was $549.30, and found that the appellant was a purchaser of the said land from Wilcox subsequent to the furnishing of the material, and that he stipulated and agreed to pay the complainants the amount mentioned in their promissory notes given for such material, and ordered that unless the defendants, or some of them, make payment of the amount by April 1, 1875, that the master make sale, and pay, first the costs of that suit and the sum found due, and the surplus, if any, to the clerk of the court, to await the further order of the court. On March 18, 1878, Pierce and Dean, judgment creditors, redeemed, or attempted to redeem, the land in controversy from the master's sale of December 19, 1876, as judgment creditors of the said Wilcox, and having levied their execution on the premises in question, and paid the full amount of the redemption money to the sheriff, the sheriff made out and filed his certificate of redemption in the recorder's office the same day. Some time prior to the redemption, which was made after the twelve months had expired from the date of the master's sale, and before the fifteen months had expired, appellant purchased the certificate of sale issued by the master. The evidence fails to show whether he purchased it before or after the expiration of the twelve months, but he purchased it of Loomis at some time and took an assignment of it to himself. No certificate of redemption was filed by him or any one, nor any satisfaction of record was made of it. The questions raised before the court below and also here, by counsel for appellant, are two : first, that the appellant, being the owner of the equities of redemption, and having purchased and taken an assign-

Boynton v. Pierce.

ment of the certificate of purchase under the master's sale, became invested with the full title, free and clear of any right of redemption on the part of judgment creditors, and that such act of purchasing the certificate was in itself a payment, and a complete redemption. And, second, it is insisted that the proceeding in the mechanics' lien foreclosure forever barred the right of Pierce and Dean to redeem under the master's sale under any circumstances; that they were remitted to the fund resulting from the sale of the real estate under the lien foreclosure, citing as authority for such contention the case of Topping v. Brown, 63 Ill. 348. Those are the questions we are called upon to decide. The evidence fails to show whether the appellant purchased the certificate of purchase in question from Loomis before or after the expiration of the twelve months from the date of sale. The burden of proof being upon him to make out a case it was incumbent upon him to make such proof. We will assume, therefore, that it was after the twelve months; that being so, his title and right to redeem was entirely gone, and the only real title that he had remaining in him after the expiration of the twelve months, and the purchase of the master's certificate, was the certificate itself, and the hope he had of acquiring a deed under it.

But the judgment creditors had also a right under the statute to redeem after the expiration of the twelve months. Under these circumstances we think the appellant failed to sustain his point that his purchase of the certificate was payment of it, but we are even inclined to think that under the principle announced in the case of McRoberts v. Conover, 71 Ill. 524, cited by appellees, the purchase of the master's certificate and the assignment of it to the appellant would not inure to him as a redemption, a full discharge of the Loomis claim, and bar the right of redemption under it by judgment creditors, much less would such be the case after the expiration of the twelve months.

While the facts of the above case are not precisely the same as they are in this suit, in that the purchaser of the certificate was not the owner of the equities of redemption at the time, but only liable on his warranty to his grantee,

we think the principle would be the same, judging from the tenor of the opinion of the Supreme Court. We cite also Lloyd v. Karnes, 45 Ill. 62; Shroeder v. Bauer (Ill.), 29 N. E. Rep. 560.

The second point made, we think not well taken. The case of Topping v. Brown, *supra*, cited by appellant, we do not regard as analogous. In that case it was an attempt of a holder of a mortgage to foreclose it against the holder of the title, acquired under a decree of foreclosure in a mechanics' lien case where the same mortgagee was a party to the foreclosure. The principle seems to be sound that the party in that case, seeking to foreclose his mortgage subsequently, should be held estopped by the decree from disputing the title of the owner under the mechanics' lien deed; in this case, the appellees are not attempting to assert a title superior to Loomis' foreclosure, but in insubordination to it. Their judgment was certainly not paid off by anything done in the mechanics' lien proceedings nor did they receive anything on it; it remained a subsisting judgment against Wilcox. The most that can be claimed is that the judgment lien was extinguished in favor of the Loomis foreclosure. Had Loomis acquired a deed under the master's certificate, the judgment lien would, no doubt, have been forever extinguished as to the land in question, but under the present circumstances the judgment creditors acknowledge the superiority of Loomis' certificate and desire to pay it off. It is not necessary that there should be a judgment lien in order to authorize a redemption, and a junior judgment creditor may redeem from a sale on a senior judgment and cut off intervening liens. Sweezy v. Chandler, 11 Ill. 445.

The right to redeem, by a judgment creditor, after statutory time given to the judgment debtor of twelve months expires, is encouraged by law; it is a boon to the debtor, and pays his debts, which otherwise would remain unpaid, and his property lost.

We think, under the facts and circumstances of this case, that decree of the court below in dissolving the injunction and dismissing the bill was correct. The decree of the court is therefore affirmed.