GEORGE A. JEPHERSON *et al. vs.* ALPHA L. GREEN.

PROVIDENCE—NOVEMBER 23, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanic's Lien. Mortgages. Power of Sale. Injunctions.*

A mortgagee of property is not entitled to proceed as a matter of right to foreclose by sale pending proceedings to enforce a lien under the provisions of Gen. Laws R. I. cap. 206, although the mortgage was executed before the contract under which the lien arises.

The evident purpose of the act regulating the lien of mechanics is to bring all encumbrancers, whether prior or subsequent to the lien, before the court and to suspend any power of sale possessed by an encumbrancer and to have the property sold as a whole, the equities of the encumbrancers being preserved in the distribution of the proceeds.

PETITION to enforce a mechanic's lien. Pending the proceedings a mortgagee of the estate commenced to foreclose under the power of sale in a mortgage executed prior to the contract under which the lien was claimed. A preliminary injunction was granted. Heard on motion of mortgagee to dissolve injunction, and motion denied.

(1) STINESS, C. J. The question raised in this case is whether a mortgagee of property upon which the petitioner is entitled to a lien under General Laws chapter 206 can proceed to sell, pending the lien proceedings, under his mortgage executed before the contract under which the lien arises.

The parts of chapter 206 which apply to this case are as follows: Section 10 provides for notice to all persons having " a mortgage or an attachment or any other claim on all or any part of the same property" to appear on the return-day and make out their demands and show cause why the lien claimed in the petition should not be allowed. Section 15 gives the right to every person claiming an interest in the property by mortgage, attachment, or otherwise, to contest both the right to a lien and the amount of the claim. Section 16 provides that the court shall ascertain the exact nature and amount of each claim on said property, made by or belonging to any person party to the proceeds, and the order in

which, according to equity and good conscience, they should be paid. Section 17 directs the master to pay the claims as marshalled and ascertained.

We think that these provisions clearly show that the intention of the statute was to put the entire sale in these cases into the hands of the court. No distinction is made between mortgagees before and after the lien, but the notice is to all persons having a mortgage on the property; and every person claiming an interest in the property "by mortgage, attachment, or otherwise," is given the right to contest the lien. The marshalling of the proceeds shows, also, that there may be claims preceding, in equity, the petitioner's, and all of these provisions fitly cover a prior mortgage. Moreover, in many cases, a mechanic would have but a barren remedy if the statute should not be construed to cover a mortgage; for, if the prior mortgagee could sell the property under his power of sale, without regard to the lien, the mechanic could only protect himself by bidding on the property up to the amount of the mortgage and his own bill, or by buying it if it should sell at a less price. Not many mechanics would be able to do this; while for the day laborers, in whose behalf the statute is also made, it would be practically impossible. The evident purpose is to suspend the power of sale, when the estate is brought into equity on a petition for a lien, and to sell the property as a whole. This does no injustice to the prior mortgagee, because his equities are preserved in the distribution of the proceeds.

As the right of lien for labor is purely statutory, the provisions in different States, as a matter of course, are quite variant. Thus in Massachusetts, Pub. Stat. cap. 191, § 5, it is provided that "The lien shall not avail or be of force against a mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed." Apparently the statute goes no further than to provide for a sale subject to the mortgage.

In Illinois it was held in *North Church* v. *Jevne*, 32 Ill. 214, under a statute which provided that a prior encumbrance should be preferred to the extent of the value of the land,

that, all parties being before the court, the property should be sold and the proceeds applied to the claims as they were found to be due, both prior and subsequent to the mechanic's lien. See also *Topping* v. *Brown*, 63 Ill. 348. In *Kenney* v. *Apgar*, 93 N. Y. 539, it was held that the same principle is applicable generally to the foreclosure of mechanics' liens in the absence of statutory provision to the contrary, and that it is the most convenient and expedient practice. Under some statutes it is held that only the debtor's interest in the property can be sold, but it is significant that our statute provides for the sale of the property or such part thereof as may be necessary. In Phillips on Mechanics' Liens, 3d ed, 463, the general rule is stated as follows : "Where the interest of the party to be sold is not limited by statute, and the enforcement of the lien is a chancery proceeding, the court may, if it see proper, direct the sale of the estate of all parties having an interest in the premises who are parties to the suit. But it is under no obligation to do so, and the better practice is not to do so if the objects of the statute can be attained by decreeing a sale of the interest of those parties only against whose interest the lien equitably attaches."

Under our statute the practice has been to make prior mortgagees parties to the suit, and we recall no case in which they have been dismissed as unnecessary or improper parties, when the date of their encumbrance has been ascertained. The decrees, however, so far as we know, have been for sales subject to prior mortgages. The question has not been raised before, except in the unreported case of *Blackmar* v. *Sharp*, Eq. 4954, April, 1899, when Mr. Justice Rogers gave an opinion in which he reviewed the statute carefully and came to the same view of the statute which we have now taken. Another reason for such a construction of the statute is that only in this way can the lienor seasonably contest the validity of a recorded mortgage or the amount due under it, if there be ground to do so. Even under a fraudulent mortgage, if the mortgagee could sell by reason of his apparent right, a lienor, to protect himself, would have to buy the property

and pay the price upon the chance of recovering the money afterwards, if fraud should be proved.

This view of the statute may seem inconsistent with *Phillips* v. *Browne*, 20 R. I. 79, but there is no inconsistency. That was not a proceeding to enforce a lien according to the statute, but a bill to establish a lien on the property against a grantee to whom it had been conveyed under circumstances presenting special equities as to the complainant. No relief was asked for against the mortgagee, and hence the mortgagee was dismissed.

The statute gives the court full discretion as to the order of sale, but no facts have been presented to show whether a sale by the mortgagee would affect the lienor injuriously or not. We therefore simply decide that the mortgagee is not entitled to proceed, as a matter of right, to foreclose by sale ; and his motion to dissolve the restraining order is denied.

*Edward D. Bassett and Harry C. Curtis,* for petitioners.
*John P. Beagan,* for mortgagee.

