## Henry D. O'Neil v. The People, for use of Anna W. Delano.

1. JUDICIAL SALES—*Disposition of Surplus Between Judgment Creditor and Purchaser at Prior Sale.*—A, being the owner of a tract of land, executed a mortgage to B, and thereafter C, D and E obtained judgments against A, which were liens on his land in the order named. C caused a sale to be made under his judgment, and there being no redemption, he obtained a deed at the end of fifteen months. B foreclosed his mortgage, and the owner of the equity of redemption failing to redeem, D, after twelve and within fifteen months from the foreclosure sale, deposited with the sheriff the amount necessary to redeem, and a sale was had, and a sum in excess of the claims of B and D, together with interest and costs, was realized. Prior to the latter sale, E sued out an execution on his judgment and placed it in the hands of the sheriff. *Held*, that E was entitled to have the surplus on said sale applied on his execution, and that C had no claim thereon.

Debt, on a sheriff's bond. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed June 16, 1897.

A. N. YANCEY, D. E. KEEFE and PEEBLES & PEEBLES, attorneys for appellant.

E. W. Hayes and Rinaker & Rinaker, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

This was an action of debt on the bond of O'Neil as sheriff. The plaintiff recovered and the defendant, sheriff, has appealed. The plaintiff's demand was for a sum of money remaining in the hands of the sheriff, upon a sale made by him on proceedings in redemption under the statute. This sum, a surplus, was paid by the sheriff to James H. Belt who claimed it as the assignee of a judgment, disregarding the claim therefor made by the plaintiff. In March, 1888, one Jacob V. Hopper owning the real estate, which was the subject-matter of redemption, executed a mortgage thereon to one Hood.

On the 19th of January, 1893, the appellee Anna W. Delano filed in the office of the clerk of the Circuit Court transcripts of two judgments before a justice of the peace in her favor against said Hopper, thereby obtaining a lien upon the property subject to the mortgage. On the 20th of January, 1893, the Rumsey Manufacturing Company filed with said clerk a transcript of a judgment in its favor against Hopper before a justice of the peace, thereby obtaining a lien subject to the mortgage and subject to the judgments of appellee, Delano.

On the 22d of February, 1893, S. V. Luken obtained a judgment in the Circuit Court against Hopper, which was of course subject to the preceding liens. On May 27, 1893, the appellee Delano caused the property to be sold under executions issued upon her judgments. She became the purchaser for the amount due her with costs, and there having been no redemption from that sale within fifteen months, she received a sheriff's deed September 13, 1894.

At the June term, 1893, of the Circuit Court, the holders of the mortgage obtained a decree of foreclosure on a bill in chancery for that purpose, to which appellee Delano was not made a party, and on the 2d of August, 1893, the property was sold under that decree to the complainants therein

for the amount of the mortgage debt, interest and cost. On the 27th of October, 1894, being after twelve, and within fifteen months from the foreclosure sale, the Rumsey Manufacturing Company placed an execution upon its judgment in the hands of the sheriff with a sum of money sufficient to redeem from said foreclosure sale, and the sheriff having made proper indorsement of levy, etc., advertised the property for sale on the 24th of November, 1894.

On the last named day and before the sale said James H. Belt as the assignee of the Luken judgment caused an exetion, issued thereon, to be placed in the hands of the sheriff.

At that sale the property was struck off to one Benner for $3,005, which sum was sufficient to satisfy the Rumsey demand for judgment and redemption of the foreclosure sale, leaving a balance of $489.60. This balance was claimed by Belt in part satisfaction of the Luken execution. It was also claimed by appellee Delano. The sheriff recognized Belt's claim and applied the money on said Luken execution.

Thereupon this suit was brought.

The issues having been made up were submitted to the court, a jury being waived, with the result as stated of a judgment for plaintiff for the amount claimed with interest and cost.

The question first to be considered is as to the relation sustained by the plaintiff to the property from the sale of which, in the redemption proceedings, the money in dispute was realized. She bought it at a sale under execution issued upon a judgment, which as a lien was junior to the mortgage, and thereby she acquired the mortgagor's equity of redemption, subject to the right of the mortgagor and junior judgment creditors to redeem from her. No such redemption having been made she received a sheriff's deed at the expiration of fifteen months from said sale.

After she had so bought, a decree was entered foreclosing the mortgage pursuant to the prayer of a bill in chancery for that purpose filed by the holders of the mortgage.

To that proceeding she was not made a party. Did that

O'Neil v. The People.

decree affect her so that she was bound to redeem therefrom within twelve months from the day of sale thereunder? If it did, she lost all rights acquired under her sale.

In the cases of McRoberts v. Conover, 71 Ill. 524 and Fitch v. Wetherbee, 110 Ill. 475, the judgment creditor purchasing at a sale on execution made prior to the decree of foreclosure, the mortgage being the senior lien, was a party to the decree, and it was held that his failure to redeem from the mortgage sale within twelve months therefrom cut off and barred forever all his interest in the property.

If on the other hand the plaintiff was not affected by the decree and was not bound to redeem therefrom, then she acquired the property free from all liens except that of the mortgage, and still has the right to redeem therefrom upon a bill in chancery filed for such purpose. Plainly then in either case she was not affected by the redemption proceedings instituted under the judgment in favor of the Rumsey Manufacturing Company, and can not complain thereof, or claim benefit therefrom.

It is argued, however, that Hart v. Wingart, 83 Ill. 282, while not parallel in its facts announces a principle applicable here and supporting the position of appellee.

In that case an execution creditor bought real estate upon which there was a prior deed of trust by the execution debtor. After the twelve months and before fifteen had expired, the trustee sold the property pursuant to a power contained in the deed of trust for a sum in excess of the debt thereby secured, and upon a bill filed by the execution purchaser· it was held, that by the sale under the deed of trust the land was converted into money, and that the claim of the execution purchaser was transferred and attached to the surplus fund to the extent of the amount due him. By his purchase he acquired the right to the property subject to the incumbrance, unless there was redemption from him.

He might pay at any time before a sale under the power contained in the deed of trust, from which sale indeed there could be no redemption, and the only effect of permitting the sale to take place was to convert the land into money,

and if no more money was realized than required to pay the debt secured by the deed of trust, his lien would have been defeated, as the court say, but if there was a surplus it would attach thereto.

By his purchase at the execution sale he acquired the interest of the debtor, and had the same right the debtor had in the surplus to the extent of his bid. The debtor would have been entitled to the entire surplus but for the lien of the judgment and the sale thereunder.

Here is a very different situation. The property was sold under a decree of foreclosure for the mortgage debt and cost, and those who were affected by the decree were bound to redeem therefrom within twelve months; those not so bound might redeem according to the practice in chancery upon a proper bill for that purpose. Here there is no surplus—which may be claimed by the mortgage debtor or by the holder of his equity of redemption. It was the disposition of such a surplus that was involved there. No other question was before the court. The case cited is so unlike the case at bar that we can not regard it as authority or as illustrating any principle that will support the present judgment. We are clearly of opinion that the plaintiff had no right to the money in dispute and that the judgment in her favor herein was erroneous.

It will therefore be reversed and the cause remanded.