RACHEL SKILES, *et al.*, appellants, *vs.* ABRAHAM G. SWITZER, *et al.*, appellees.

*Appeal from Winnebago.*

All persons to be affected by a decree in chancery, should be made parties to the proceeding.

This was a bill in chancery, filed by Switzer and others against the appellants, to set aside certain conveyances and mortgages, made, as is alleged, in fraud of creditors.

At the December term, 1849, of the Winnebago Circuit Court, the cause came on to be heard, before Henderson, Judge, who decreed in favor of the appellees, complainants against the appellants. The case was brought by appeal to this Court by the respondents to the bill; but as the case is decided upon a question not involving the merits of the case, it is not deemed necessary to give an extended statement of the case.

R. S. BLACKWELL and N. H. PURPLE, for the appellants.

MARSH & WRIGHT, for the appellees.

Opinion by Mr. Justice CATON:

It is a fatal objection to this decree, that the infant heir of Udell was not a party. The legal title to the property in controversy descended to her, and although her father held it in trust, yet no decree, divesting her of that legal title, could be binding upon her, unless she was properly represented by a guardian appointed to protect her interest. The primary object of the decree was to divest her of the legal title, and as that was not legally done, the balance of the decree, which provides for the disposition of the proceeds of the property, must necessarily be reversed also, for there is nothing upon which it can operate. When an issue shall be formed between the complainants and the infant defendant, new or additional proofs may be taken; and as the evidence, when the suit is again brought to a hearing, may be very different upon the various questions which have been controverted here, it is manifest that it would be improper for us to proceed to examine and decide them, while it is possible they will not arise again, and which, at any rate, may not and prob-

ably will not be again presented in the precise form in which they are now before us. We might, it is true, lay down the rules which are to govern in the delivery of deeds, but that would be of but little use here, where the principal controversy is in relation to the facts.

The decree of the Circuit Court is reversed, with costs, and the suit remanded for further proceedings.

*Decree reversed.*