## St. Louis Brewing Association v. Joseph Geppart et al.

1. PARTIES—*Unknown Owners of Notes Secured by Recorded Deeds of Trust.*—The unknown owners of notes secured by deeds of trust on real estate, are necessary parties to proceedings affecting such notes.

2. RECORD—*Of Notes—Assignment of Notes Secured by Trust Deed or Mortgage.*—There is no law in this State requiring notes or their assignment to be recorded in any public record.

3. NOTICE—*Record of Mortgage—Judgment Creditors.*—Parties are bound to know that notes and mortgages are not made and mortgages are not recorded for idle purposes and are to take notice that somebody owns them and that the mortgaged premises are bound for their payment.

4. FORECLOSURE—*Of a First Mortgage and Redemption by a Judgment Creditor—Effect upon a Second Mortgage.*—The foreclosure of the first mortgage and sale of the property by the master, followed by a redemption by a judgment creditor, a resale by the sheriff and a deed by him to such judgment creditor, in no wise affects the rights of the holder of the second mortgage, under the facts in this case.

Bill to Foreclose a Second Mortgage.—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the August term, 1900. Reversed and remanded. Opinion filed March 11, 1901.

Statement.—On the 28th of June, 1894, appellees Joseph Geppart and Lizzie Geppart executed a mortgage to Henry D. Sexton, trustee, of certain real estate situated in East St. Louis, securing a promissory note of even date with the mortgage, for the sum of $2,000, executed by Joseph Gep-

part, payable to the order of himself, and by him indorsed in blank. The note was the property of Henry Maule.

On the 11th of July, 1895, appellees Joseph and Lizzie Geppart executed to David S. Sage, as trustee, a mortgage on the same property that the mortgage to Sexton covered, to secure the payment of three promissory notes, executed by said Joseph and Lizzie Geppart, payable to the order of themselves, of the aggregate sum of $1,060, and indorsed by them in blank. The notes were the property of the American Brewing Company. The mortgages were duly recorded in the recorder's office of St. Clair county soon after their respective dates.

On the 28th of September, 1896, appellee B. Goedde recovered a judgment in the Circuit Court of St. Clair County against appellees Joseph and Lizzie Geppart, for the sum of $400.22 and costs. This judgment became a lien on the mortgaged property, subject to the liens of the two mortgages.

Before any proceedings were begun to foreclose the first mortgage, David S. Sage, the trustee in the second mortgage, died, leaving one heir only, Mabel S. Sage, an adult child; and Paul W. Abt was appointed administrator of his estate.

On the 17th of December, 1896, Sexton, the trustee in the first mortgage, filed his bill in the Circuit Court of St. Clair County to foreclose the mortgage, and made as parties defendant to it, Joseph Geppart, Lizzie Geppart, Mabel Sage, Paul W. Abt, administrator of the estate of David S. Sage, deceased, T. S. Marshall, and B. Goedde. Neither Mabel Sage nor Paul W. Abt answered the bill. The American Brewing Company, the owner and holder of the notes secured by the second mortgage, was not made a party to the suit.

The case proceeded to a final decree; the mortgaged property was sold on the 27th of March, 1897, by the master in chancery, and was bid in by Henry Maule, the owner of the note secured by the mortgage, and he received the master's certificate of sale of the property and afterward assigned

St. Louis Brewing Ass'n v. Geppart.

it to Robert Bethman, who was acting in the interest of appellant in this case.   On the 10th of March, 1897, appellant purchased of the American Brewing Company the notes secured by the second mortgage, paying full value therefor.   The property was not redeemed within twelve months after the sale, but after the expiration of that time it was redeemed by Goedde as a judgment creditor of the Gepparts, and he finally received a sheriff's deed therefor.

The bill in this case is brought to foreclose the second mortgage, and defendant Goedde, after answering it, filed a cross-bill, praying that the second mortgage be canceled, as a cloud on his title to the property.

The court dismissed appellant's bill, and entered a decree on Goedde's cross-bill canceling the mortgage and for costs against appellant.

M. MILLARD, attorney for appellant.

SILAS COOK, attorney for B. Goedde, appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court. Counsel for appellee in his brief says:

"The complainant in this suit to foreclose a second mortgage claims that it was not made a party to the first foreclosure."

This is inaccurate.   Complainant's claim is, that the American Brewing Company, who was the owner and holder of the notes secured by the second mortgage, and for whose benefit the mortgage was made, was not made a party to the suit by which the first mortgage was foreclosed.

Counsel further says:

"And as I view this case, this is the only question for the court to consider."

We agree with the counsel in this respect, and since it is obvious that the American Brewing Company was not mentioned by name in the bill, and was not notified of the pendency of the suit, either by service of summons, or by publication of notice, in the manner provided by section 7 of the chancery act, it remains only to be said, that the

service of summons on Mabel S. Sage or Paul W. Abt, administrator of the estate of David S. Sage deceased, or on both of them, must be held to be ineffective notice to the brewing company, of the pendency of the suit, and of no avail whatever.

The case of Skiles et al. v. Switzer et al., 11 Ill. 533, cited by appellee, is no guide in this case, neither is the case of Lloyd v. Karnes, 45 Ill. 62, also cited by appellee. The case of Chandler v. Ward, 188 Ill. 322, clearly lays down the rule that the unknown owners of notes secured by a deed of trust on real estate, are necessary parties to proceedings affecting the notes. We do not, however, understand that counsel insists that the service of process on the heir and administrator of Sage, the trustee in the mortgage, was sufficient to give the court jurisdiction to adjudge as to the rights of the American Brewing Company under the mortgage; but what he insists upon is stated in his own language as follows:

"The mortgage sought to be foreclosed in this proceeding was a second mortgage, and it was executed by Joseph Geppart and Lizzie Geppart, his wife, to David S. Sage, trustee, to secure three notes executed by Geppart and wife and made payable to themselves, and there is nothing in the mortgage or notes to disclose any *cestui que* trustee whatever. The mortgage is put on record in the recorder's office of St. Clair county, Illinois, and not from the day said mortgage was made a matter of record down to the date of the commencement of this foreclosure proceeding, was there any assignment of the mortgage or any of the notes ever put on record in St. Clair county, Illinois. So the records of St. Clair county showed that the title to said property was in David S. Sage, trustee, and so shows to this day; and there was no visible means by which Henry D. Sexton, trustee, in the proceeding to foreclose the first mortgage, could know that the American Brewing Company or any one else held or had any interest in the mortgage and notes herein sought to be foreclosed; that said bill filed by said Sexton, trustee, made all parties that could be ascertained from the public records of St. Clair county, Illinois, parties defendants, including judgment creditors; therefore we take the position that, having made all parties defendants that the public records in the county disclosed,

the law imposes upon the holders of such mortgages and notes as the ones herein sought to be foreclosed, the duty of diligence in recording assignments upon public records, that others who are interested may have some means of knowing such facts, and for a failure to do so are guilty of laches." * * *

"Courts of equity will not permit persons to knowingly hold equitable liens in their vaults and not disclose their identity or interest and not avail themselves of their right under the statute to redeem, and after they lose their statutory rights, then come into a court of equity and seek to foreclose a second mortgage, and set up the claim that they were not made parties defendants to the first foreclosure suit; and no person on earth had any means of knowing that they held the mortgage and notes here sought to be foreclosed. The records did not disclose it."

There never was any assignment of the mortgage to be recorded, and we know of no law that even permits the notes or the assignment of them to be recorded in any public record anywhere, and we are entirely safe in saying that there is not now and never was, any such law in this State. The mortgage was duly recorded, and Goedde, the judgment creditor of the Gepparts, had full notice of what it contained. He knew, or was bound to know, before he recovered his judgment, all that was contained in the mortgage, and that informed him to whom the notes were payable, and that they were indorsed in blank by the payees. As a reasonable man, he knew that the notes and mortgage were not made, and the mortgage was not recorded for an idle purpose, but on the contrary, somebody owned the notes and that the mortgaged property was bound for their payment. This was all the notice that the law required. It is probable that an inquiry of the makers of the notes would have disclosed their ownership, since the Gepparts could have had no motive to conceal that fact. We are entirely unable to discover wherein the American Brewing Company was guilty of laches, or any negligence in the matter. True, it might have commenced proceedings to foreclose its mortgage, while it was the owner of the notes secured by it, but it was under no obligation to do so, and it is impossible to see how appellee Goedde, who

is the only person here complaining, would have been bene-fited by such a course.

If laches or negligence is to be imputed to any one, it must be legally attributable to Goedde, who claims under the proceedings for the foreclosure of the first mortgage, and he should have known whether the decree of foreclos-ure and sale had barred the right of the holder of the notes secured by the second mortgage, to have that mort-gage foreclosed. It may be true that the first mortgagee, before bringing suit to foreclose his mortgage, diligently searched the records of St. Clair county, and found they did not disclose who held the second mortgage and the notes secured by it. But if he did we are unable to discover any merit in the act, or that therefore the American Brew-ing Company should be charged with negligence or laches on its part.

The claim that the first mortgagee did all that could be done to ascertain who was the owner of the notes secured by the second mortgage, and to notify such owner of the proceedings begun to foreclose the first mortgage, can not be true, as he did not attempt to do what was required of him by section 7 of the chancery act, which is as follows:

"In all suits in chancery and suits to obtain title to lands, in any of the courts of this State, if there be persons interested in the same, whose names are unknown, it shall be lawful to make such persons parties to such suits or pro-ceedings by the name and description of unknown owners or unknown heirs or devisees of any deceased person, who may have been interested in the subject-matter of the suit previous to his or her death; but in all such cases an affi-davit shall be filed by the party desiring to make any unknown person a party, stating that the names of such persons are unknown; and process shall be issued against all parties by the name and description given as aforesaid; and notices given by publication, as is required in this act, shall be sufficient to authorize the court to hear and deter-mine the suit, as though all parties had been sued by their proper names."

The foreclosure of the first mortgage and sale of the property by the master, followed by a redemption of it by

Goedde, and a resale by the sheriff, and the sheriff's deed to Goedde, in nowise affected the rights of the American Brewing Company, or of appellant under the second mortgage.

But since appellant is asking for a foreclosure of the second mortgage, such relief should be granted to him on equitable terms, which are that appellee Goedde be subrogated to the rights of the holder of the note secured by the first mortgage.

The decree of the Circuit Court of St. Clair County, dismissing appellant's bill, and granting the relief prayed for by appellee Goedde, in his cross-bill, is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.   Reversed and remanded.